JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicholas M. Maista

**DEFENDANTS**
Anthony J. Fanelli

**(b)** County of Residence of First Listed Plaintiff   Mt. Ephraim NJ-Camde
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pottsville, PA-Schuykill
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Tyler Tomlinson, Esq., STARK & STARK, PC
2 Caufield Place, Newtown, PA 18940; 267-907-9600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights 555 Prison Condition 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  excess of arb limits

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
Tyler Tomlinson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: South Whitehall Township, PA

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief **see certification below**
16. All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):*_____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

STARK & STARK  ATTORNEY FOR PLAINTIFF
A Professional Corporation
By:   R. Tyler Tomlinson, Esquire
          Attorney ID #76678
2 Caufield Place
Newtown, PA 18940
267-907-9600 Telephone
267-907-9659 Fax
TTomlinson@stark-stark.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Nicholas M. Maista** | : | |
| **125 Wilson Avenue** | : | |
| **Mount Ephraim, NJ 08059** | : | **CIVIL DIVISION** |
| | : | |
| v. | : | No. |
| | : | |
| **Anthony J. Fanelli** | : | |
| **99 Caroline Avenue** | : | |
| **Pottsville, PA 17901** | : | |
| | : | |
| And | : | |
| | : | |
| **Landis Excavating, LLC** | : | |
| **43 Industrial Road** | : | |
| **Ephrata, PA 17522** | : | |

## PARTIES

1. Plaintiff, Nicholas M. Maista (hereinafter referred to as "Plaintiff"), is an adult individual and citizen of the State of New Jersey who resides at 125 Wilson Avenue, Mount Ephraim, New Jersey 08059.

2. Defendant, Anthony J. Fanelli (hereinafter referred to as "Defendant Fanelli"), is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 99 Caroline Avenue, Pottsville, PA 17901.

4906-1975-2340, v. 1

3. Defendant, Landis Excavating, LLC (hereinafter referred to as "Defendant LLC"), is a business registered to do business in the Commonwealth of Pennsylvania with a registered business address of 43 Industrial Road, Ephrata, PA 17522.

## JURISDICTION

4. Plaintiff hereby incorporates the foregoing paragraphs as set forth herein at length.

5. Original jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a), as the amount in controversy does not exceed the sum or value of $150,000.00, exclusive of costs and interests, and the action is between parties of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where the motor vehicle accident underlying this accident occurred.

## FACTUAL ALLEGATIONS

7. Plaintiff hereby incorporates the foregoing paragraphs as set forth herein at length.

8. On or about January 17, 2025, Plaintiff was a passenger in his 2021 Subaru which was being driven Northbound on the Pennsylvania Turnpike in South Whitehall Township, Pennsylvania.

9. At all times relevant hereto, Defendant Fanelli was in the course and scope of his employment with Defendant LLC and was operating Defendant LLC's 2018 Ford-F25 also Northbound on the Pennsylvania Turnpike in South Whitehall Township, Pennsylvania.

10. During Defendant Fanelli's attempt to change from the left lane to the right lane, he struck Plaintiff's vehicle.

11. As a result, Plaintiff sustained serious injuries herein after more particularly described.

## COUNT I
## NICHOLAS M. MAISTA v. ANTHONY J. FANELLI
## NEGLIGENCE

12. Plaintiff hereby incorporates the foregoing paragraphs as set forth herein at length.

13. At the time of the aforesaid time and place, the negligence and carelessness of Defendant Fanelli consisted of the following:

    a. Striking Plaintiff's vehicle;

    b. Failing to keep his vehicle under reasonable control;

    c. Failing to keep a proper lookout on the roadway;

    d. Operating the vehicle without due regard for the rights, safety and position of Plaintiff;

    e. Failing to remain alert and attentive under the circumstances; and,

    f. Operating the vehicle in a manner violating the Statutes of the Commonwealth of Pennsylvania governing the operation of vehicles on public streets, highways and roadways.

14. As a direct, causal result of the aforesaid crash and the negligence and carelessness of Defendant Fanelli, Plaintiff sustained serious personal injuries including but not limited to: diffuse bulging with adjacent spondylotic changes L1-L2 through L5-S1 discs; disc bulges at multiple levels with foraminal narrowing from L3-S1; disc herniation at C2/3 and C6/7; cervical/thoracic myofascial pain with radicular features; lumbar myofascial pain with radicular features; post-traumatic occipital neuralgia, some or all of which may be permanent in nature.

15. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

16. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and incur various expenses for the injuries sustained and may be obliged to incur same for an indefinite period of time in the future.

17. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has been unable to attend to his usual duties, activities and occupation and may be unable to attend to same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff seeks judgment in his favor and against Defendant Anthony J. Fanelli for an amount in excess of the jurisdictional limits.

## COUNT II
## NICHOLAS M. MAISTA v. LANDIS EXCACATING, LLC
## NEGLIGENCE

18. Plaintiff hereby incorporates the foregoing paragraphs as set forth herein at length.

19. Defendant LLC is vicariously liable for the negligent actions of Defendant Fanelli as described in the above paragraphs due to the fact that Defendant Fanelli was acting in the course and scope of his employment and/or agency relationship with Defendant LLC at the time of the aforesaid crash and was operating the 2018 Ford-F25 owned and/or leased by Defendant LLC.

20. Defendant LLC is independently liable to Plaintiff for personal injury damages, which were proximally and directly caused by Defendant's own negligence in:

    a. Allowing Defendant Fanelli to operate the aforesaid vehicle when they knew or should have known that he intended or was likely to use the vehicle in a manner as to create an unreasonable risk of harm to others, including Plaintiff;

      b. Knowingly, negligently and/or carelessly allowing a known inexperienced, incompetent, careless and/or negligent driver to operate a motor vehicle upon highways;

      c. Knowingly, negligently and/or carelessly entrusting a motor vehicle to a known inexperienced, incompetent, careless and/or negligent driver;

      d. Allowing Defendant Fanelli to operate the aforesaid vehicle when they knew or should have known that he was not qualified to do so in a safe manner; and,

      e. Failing to provide Defendant Fanelli with proper training before allowing him to operate the aforesaid vehicle.

21. As a direct, causal result of the aforesaid crash and the negligence and carelessness of Defendant Fanelli, Plaintiff sustained serious personal injuries including but not limited to: diffuse bulging with adjacent spondylotic changes L1-L2 through L5-S1 discs; disc bulges at multiple levels with foraminal narrowing from L3-S1; disc herniation at C2/3 and C6/7; cervical/thoracic myofascial pain with radicular features; lumbar myofascial pain with radicular features; post-traumatic occipital neuralgia, some or all of which may be permanent in nature.

22. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

23. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has been obliged to receive and undergo medical attention and care and incur various expenses for the injuries sustained and may be obliged to incur same for an indefinite period of time in the future.

24. As a result of Defendant Fanelli's negligence as aforesaid, Plaintiff has been unable to attend to his usual duties, activities and occupation and may be unable to attend to same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff seeks judgment in his favor and against Defendant Landis Excavating, LLC for an amount in excess of the jurisdictional limits.

STARK & STARK,
A Professional Corporation

Date: March 5, 2026         By:   *Tyler Tomlinson*
                                  R. Tyler Tomlinson, Esquire
                                  Attorney for Plaintiff